IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CASE NO. 5:21-CR-096-H-BQ-29 |
| KELSEY MARIE APPLEGATE | § | |

## REPORT AND RECOMMENDATION ON PLEA
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

This case has been referred by the United States district judge to the undersigned for the taking of a guilty plea. The parties have consented to appear before a United States magistrate judge for these purposes. This Report and Recommendation on Plea is submitted to the court under 28 U.S.C. § 636(b)(3).

### A.  Recommendation regarding Guilty Plea

Defendant appeared with counsel before the undersigned United States magistrate judge, who addressed Defendant personally in open court and informed Defendant of, and determined that Defendant understood, the admonitions contained in Rule 11 of the Federal Rules of Criminal Procedure.

Defendant pleaded guilty (under a written plea bargain agreement with the government) to *Count Nine of the Indictment charging Defendant with a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), that is, Distribution and Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Actual).* After examining Defendant under oath the undersigned magistrate judge finds the following:

1. Defendant, upon advice of counsel, has consented orally and in

writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2. Defendant fully understands the nature of the charges (including each essential element of the offense(s) charged and penalties);

3. Defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. Defendant understands all constitutional and statutory rights and wishes to waive these rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. Defendant's plea is made freely and voluntarily;

6. Defendant is competent to enter this plea of guilty;

7. There is a factual basis for this plea; and

8. The ends of justice are served by acceptance of Defendant's plea of guilty.

Based on the above, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudged guilty, and that sentence be imposed accordingly.

**B.  Recommendation regarding 18 U.S.C. § 3143(a)(2) - Release or detention of a defendant pending sentence.**

Upon defendant's initial appearance, the Government filed a motion to detain; however, after reviewing the Pretrial Services Report (Bond Report) at the arraignment and scheduled detention hearing, the Government withdrew its motion, thus requiring the court to determine what bond and/or other conditions of release would reasonably assure defendant's appearance as required and the safety of the community. *See, e.g.*, 18 U.S.C. § 3142 (a), (b), (c)(1)(B). As a result, the undersigned set bond and conditions after reviewing the Pretrial Services Report (Bond Report) prepared by the U.S. Probation Officer assigned to this case, which stated that imposition of certain conditions would

reasonably assure defendant's appearance and the safety of the community.

The undersigned also notes, however, the Probation Officer reports that, upon being found guilty, defendant may be subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 3142(f)(1)(C). Specifically, the offense to which defendant is pleading guilty, Distribution and Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), involves a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 921 et seq.), or Chapter 705 of Title 46. According to the plea agreement executed by defendant, the court can impose a maximum term of imprisonment of not more than twenty (20) years.

Defendant must be ordered detained pursuant to 18 U.S.C. § 3143(a)(2) unless: (1)(a) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the Government has recommended that no sentence of imprisonment be imposed, or (c) exceptional circumstances are clearly shown under § 3145(c) why the defendant should not be detained; *and* (2) the court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to any other person or the community if released. *See United States v. Carr*, 947 F.2d 1239 (5th Cir. 1991). As a result, if the court accepts this Report and Recommendation on Plea, and adjudges defendant guilty, it is the further recommendation of the undersigned that defendant be detained pending imposition or execution of sentence, pursuant to 18 U.S.C. § 3143(a)(2), absent defendant establishing either of the foregoing exceptions.

Although I have conducted these proceedings and accepted the defendant's plea of

guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if defendant has any objections to these findings or any other action of the undersigned, defendant is required to make those known to the United States district judge within fourteen (14) days of today.

Signed on February 11, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE